Phillip A. Hennis and Elizabeth J. Hennis v. Commissioner.
Hennis v. Commissioner
Docket No. 2219-67.
United States Tax Court
T.C. Memo 1968-236; 1968 Tax Ct. Memo LEXIS 62; 27 T.C.M. (CCH) 1165; T.C.M. (RIA) 68236; October 14, 1968. Filed Phillip A. Hennis, pro se, 305 S. Wilson Ave., Covina, Calif.
Michael Pargament, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $1,046.65 in petitioners' income tax for the taxable year 1964. The sole issue is whether petitioners are entitled to deduct in 1964 $5,500 which petitioner Phillip A. Hennis paid in that year for a franchise to operate an employment agency. Findings of Fact Some of the facts were stipulated. The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Phillip A. Hennis and Elizabeth J. Hennis are husband and wife. They filed a Federal joint income tax return on the cash basis of accounting for the taxable year 1964 with the district director of internal revenue, *64 Los Angeles, California. They were legal residents of Buena Park, California, when they filed the petition in this case. Because Elizabeth J. Hennis is a party to this case only by virtue of filing a joint return with her husband, the latter is hereinafter referred to as petitioner. In December 1964 petitioner commenced an employment agency business. He operated under the name International Executives of West Covina. International Executives of West Covina was a branch of International Executives of Los Angeles. The latter had been established in Los Angeles by the Chicago office of International Executives. Petitioner signed a contract with International Executives of Los Angeles. The contract required him to pay to International Executives of Los Angeles $7,500. He paid $5,500 cash in 1964 and gave a personal note for $2,000. He never paid the note. In return for his $5,500, petitioner received the following intangible benefits: 1. The right to operate an International Executives employment agency branch in Covina. 2. The right to receive 100 client referrals per month and other benefits from an advertising campaign being undertaken by International Executives of Los Angeles. *65 3. The right to receive promotional and administrative supplies, including all forms necessary to assemble clients' resumes. Petitioner, as a franchise holder, also received his first installment of certain office supplies and equipment from the Chicago office of International Executives, including the following: 1. About 300 copies of 36 different daily letters which were to be mailed to prospective clients each day for 36 days; 2. About 200 blank resume profiles, each having a plastic cover suitable for inserting a client's picture and 10 form pages upon which to put information about the client; 3. About 250 copies of 12 types of leaflets and brochures describing the services of International Executives, to be placed in a waiting room and given to prospective clients; 4. Letterhead stationery; 5. About 1,000 envelopes imprinted with a West Covina return address; and 6. One Muntz stereo tape player with two speakers and four prerecorded tapes of office music, having a total value of $400. Petitioner was also given request forms with which he could requisition additional forms. There was no charge for additional forms. The forms supplied by International Executives *66 completely determined and prescribed the operation of petitioner's business. The forms could only be obtained from International Executives. International Executives of Los Angeles placed newspaper advertisements in the 1166 Los Angeles Times each Sunday in November and December 1964. These ads also appeared in January 1965, but with less frequency than in the prior months. Petitioner received client referrals as a direct result of the advertising campaign. He could not have obtained the benefits of the advertising program without becoming a member of International Executives. The charge for preparing a resume was $450. Petitioner billed each client, but all remittances went to the Los Angeles office. That office was responsible for collection of past due bills. Petitioner's share, approximately $150 to $200 per resume, was forwarded to him from the Los Angeles office. Petitioner operated his business during the early part of 1965. He received referrals from International Executives in 1965. He interviewed clients in 1965 and clients were billed in that year. Petitioner received commissions in 1965 on these billings. In March 1965 the Commissioner of Labor, State of California, *67 ordered International Executives to cease all its business operations in the State of California. Petitioner ceased his business operation at that time. When petitioner closed his business in March 1965, International Executives owed him money which it never paid. The debt resulted from clients' fees paid to International Executives of which petitioner was due a share. It did not result from money due to petitioner on the purchase price of his franchise. In his Federal income tax return for 1964, petitioner deducted $5,500, the cost of his franchise, as a business expense. In his statutory notice of deficiency for 1964, respondent denied the deduction. Opinion The issue is whether petitioner is entitled to deduct in 1964 the $5,500 he paid for his employment agency franchise. While we sympathize with petitioner's plight, we think he is not entitled to the deduction in 1964. [1]
Petitioner did not produce sufficient evidence to prove that the $5,500, or any part thereof, which he paid for his franchise was an expense rather than a capital expenditure. He therefore failed to overcome the presumptive correctness of respondent's determination that the $5,500 was a capital expenditure. *68 It follows that because of section 263 [2] petitioner is not entitled to deduct the $5,500, or any part thereof, as an expense under sections 162(a) or 212. [3]
Nor is petitioner entitled to a depreciation deduction based upon all or a part of the cost of his franchise. He introduced no evidence to prove that anything he acquired under the contract had a determinable useful life. See section 1.167(a)-3, Income Tax Regs.
Finally, petitioner has failed to prove that he is entitled to a deduction for a loss in 1964 under sections 165(a) or 165(e). Petitioner completely failed to prove that he sustained or discovered a loss in 1964. Indeed *69 it is clear from the record that he sustained and discovered the loss in 1965. He therefore cannot take a loss deduction in 1964. Sections 165(a) and 165(e); sections 1.165-1(a) and 1.165-8(2), Income Tax Regs.
We accordingly hold that petitioner is not entitled to deduct in 1964 the $5,500 he paid for his franchise. Decision will be entered for the respondent. Footnotes
1. At trial and on brief respondent concedes petitioner may deduct the $5,500 in 1965. However, that year is not before us. ↩
2. All statutory references are to the Internal Revenue Code of 1954. ↩
3. Petitioner made a faint argument on brief that because his contract in fact benefited him less than 12 months, its cost was an expense and not a capital expenditure. It is clear from the record, however, that when petitioner entered into the contract he expected its benefits to last considerably longer than 12 months.↩